*MHN*

CLARKE CRIDDELL
P.O. BOX 252
Posen, IL 60469
clarkecriddell@hotmail.com

**FILED**
*Oct 6, 2009*
OCT **6** 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS-CHICAGO

CLARKE CRIDDELL,

      Plaintiff,

    vs.

Trans Union LLC, Experian
Information Solutions, Equifax
LLC, Acceptance Asset LLC,
Collection Systems Inc, NCO
Financial System, Torres Credit
Services Inc, Sallie Mae
Servicing, DSNB/Macy's, Harvard
Collection Services Inc, Popular
Mortgage Servicing Inc, American
Express, JP Morgan Chase, Fifth
Third Bank, 1st Continental
Mortgage, Plaza Associates,
Markoff & Krasky, Credit Bureau
DEPA, Lexis Nexus aka Reed
Elsevier Group plc

    Defendant

## 09CV6235
## JUDGE Virginia M. Kendall
## MAG. JUDGE Maria Valdez

**Fair Credit Reporting Act**

**(FCRA)**

**COMPLAINT**

Upon information and belief, and in good faith, Plaintiff, Clark
Criddell alleges as follows.

## PRELIMINARY STATEMENT

1.   Plaintiff brings this action for damages based upon
     Defendants' violation of the Fair Credit Reporting Act
     ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt
     Collections Practices Act ("FDCPA") Plaintiff seeks an award
     of statutory damages, actual damages, punitive damages, and
     costs and/or any and all damages under the law or which the
     court deems proper and just.

## JURISDICTION

2.   The jurisdiction of this court is conferred by 15 U.S.C.,
     1681(p) and 28 U.S.C. 1331. Venue lies in Cook County in the
     U.S. District Court, Northern District of Illinois-Chicago.

## PARTIES

3.   Plaintiff Clarke Criddell(hereafter "I" or "Plaintiff") is a
     resident of Posen Illinois. Plaintiff is a "Consumer" as
     defined by FCRA 1681(a) of the FCRA.

4.   Defendant Trans Union LLC (hereafter "Trans Union") is both a
     "person" as defined by FCRA 1681(a) and a "consumer reporting
     agency" as defined by FCRA 1681a(f). Trans Union is authorized
     to do business in the State of Illinois, with it principle
     place of business located at 555 West Adams, Chicago Illinois
     60661.

5.   Defendant Experian Information Solutions (hereafter
     "Experian") is both a "person" as defined by FCRA 1681(a) and
     a consumer reporting agency as defined by FCRA 1681a(f).
     Experian is authorized to do business in the State of

Illinois, with its principle place of business located at 475
Anton Blvd. Costa Mesa, CA 92626

6.    Defendant Equifax Information Services LLC (hereafter
      "Equifax") is both a "person" as defined by FCRA 1681(a) and a
      consumer reporting agency as defined by FCRA 1681a (f).
      Equifax is authorized to do business in the State of Illinois,
      with its principle place of business located at 1550 Peachtree
      St. NW Atlanta, Georgia 30309.

7.    Defendant Lexis Nexis aka Reed Elsevier Group plc is both a
      "person" as defined by FCRA 1681(a) and a consumer reporting
      agency as defined by FCRA 1681a (f) and is authorized to do
      business in the State of Illinois, with its principle place of
      business located at 125 Park Avenue 23rd Floor, New York, NY
      10017.

8.    Defendant Asset Acceptance LLC is a "debt collector" as
      defined by FDCPA 1692a(6), a "person" as defined by FCRA
      1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a
      "furnisher" of information as contemplated by FCRA 1681s-
      2(a)&(b), who regularly and in the ordinary course of business
      furnishes information to one or more consumer reporting
      agencies about consumer transactions or experiences with any
      consumer.

9.    Defendant Collection Systems Inc is a "debt collector" as
      defined by FDCPA 1692a(6), a "person" as defined by FCRA
      1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a
      "furnisher" of information as contemplated by FCRA 1681s-
      2(a)&(b), who regularly and in the ordinary course of business
      furnishes information to one or more consumer reporting
      agencies about consumer transactions or experiences with any
      consumer.

10.   Defendant NCO Financial Systems is a "debt collector" as
      defined by FDCPA 1692a(6), a "person" as defined by FCRA

1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a
"furnisher" of information as contemplated by FCRA 1681s-
2(a)&(b), who regularly and in the ordinary course of business
furnishes information to one or more consumer reporting
agencies about consumer transactions or experiences with any
consumer.

11.    Defendant Torres Credit Services Inc is a "debt collector" as
       defined by FDCPA 1692a(6), a "person" as defined by FCRA
       1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a
       "furnisher" of information as contemplated by FCRA 1681s-
       2(a)&(b), who regularly and in the ordinary course of business
       furnishes information to one or more consumer reporting
       agencies about consumer transactions or experiences with any
       consumer.

12.    Defendant Harvard Collection Services Inc is a "debt
       collector" as defined by FDCPA 1692a(6), a "person" as defined
       by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and
       is a "furnisher" of information as contemplated by FCRA 1681s-
       2(a)&(b), who regularly and in the ordinary course of business
       furnishes information to one or more consumer reporting
       agencies about consumer transactions or experiences with any
       consumer.

13.    Defendant Popular Mortgage Servicing Inc is a "furnisher" of
       information as contemplated by FCRA 1681s-2(a)&(b), who
       regularly and in the ordinary course of business furnishes
       information to one or more consumer reporting agencies about
       consumer transactions or experiences with any consumer.

14.    Defendant American Express is a "furnisher" of information as
       contemplated by FCRA 1681s-2(a)&(b), who regularly and in the
       ordinary course of business furnishes information to one or

more consumer reporting agencies about consumer transactions or experiences with any consumer.

15. Defendant Fifth Third Bank is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Defendant Chase Bank is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Defendant Credit Bureau Depa is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. Defendant 1ˢᵗ Continental Mortgage is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Defendant Plaza Associates is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20. Defendant Markoff & Krasky is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## CAUSES OF ACTION

21. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.

22. Defendant Trans Union continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and its subscribers that such information is disputed by Plaintiff.

23. Defendant Trans Union continues to willfully, maliciously, and negligently violate FCRA 1681e (b).

24. AS a result of Defendant Trans Union's actions, Plaintiff has been damaged.

25. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

26. Defendant Trans Union continues its failure to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

27. Defendant Trans Union continues its failure to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports,

credit scores, risk factors, denial codes and other economic and predictions data evaluations.

28. As a result of Defendant Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

29. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

30. Defendant Experian, continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is fraudulent, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers informing Defendant that such information is disputed by Plaintiff.

31. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

32. Defendant Experian continue its failure to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

33. Defendant Experian continues its failure to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

34. As a result of Defendant Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

35. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

36. Defendant Equifax continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is disputed by Plaintiff.

37. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1)any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

38. Equifax; failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

39. Equifax; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

40. As a result of Equifax's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

41. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

42.   Defendant Lexis Nexis aka Reed Elsevier Group plc, continues
      to add, store, maintain and disseminate erroneous and
      inaccurate names, address, employment data and personal credit
      information, in consumer reports it prepares and issues about
      Plaintiff which in part, is fraudulent, false, erroneous,
      misleading and adverse despite notice from Plaintiff and
      subscribers informing Defendant that such information is
      disputed by Plaintiff.

43.   Pursuant to FCRA 1681o, any person who is negligent in failing
      to comply with any requirement imposed under the FCRA with
      respect to any consumer is liable to that consumer in an
      amount equal to the sum of (1) any actual damages sustained by
      the consumer as a result of the failure and (2) in the case of
      any successful action to enforce any liability under 15 U.S.C.
      1681o, the costs of the action together with reasonable
      attorney's fees.

44.   Defendant Lexis Nexis aka Reed Elsevier Group plc continues
      its failure to conduct a reasonable investigation of
      Plaintiff's disputes and otherwise failed to comport with FCRA
      1681i.

45.   Defendant Lexis Nexis aka Reed Elsevier Group plc continues
      its failure to adopt and follow reasonable procedures to
      assure maximum possible accuracy of Plaintiff's consumer
      credit and other personal information as required by FCRA
      which it complied, used and manipulated in order to prepare
      consumer credit reports, credit scores, risk factors, denial
      codes and other economic and predictions data evaluations.

46.   As a result of Defendant Lexis Nexis aka Reed Elsevier Group
      plc negligent failure to comply with the FCRA, it is liable to
      Plaintiff in the amount equal to sum of (1) any actual damages
      sustained by Plaintiff as a result of said failure and (2) the
      costs of this action together with reasonable attorney's fees.

47. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

48. Asset Acceptance LLC; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

49. Asset Acceptance LLC; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

50. Asset Acceptance LLC; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

51. Collection Systems Inc; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

52. Collection Systems Inc; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

53. Collection Systems Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

54. <u>Torres Credit Services Inc;</u> willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

55. <u>Torres Credit Services Inc;</u> willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

56. <u>Torres Credit Services Inc;</u> willfully and negligently obtain Plaintiff's credit report on or about October, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

57. <u>Harvard Collection Services Inc;</u> willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

58. <u>Harvard Collection Services Inc;</u> willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

59. <u>Harvard Collection Services Inc;</u> willfully and negligently obtain Plaintiff's credit report on or about November, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

60. <u>Sallie Mae Servicing;</u> willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

61. <u>Sallie Mae Servicing;</u> willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

62. <u>Sallie Mae Servicing</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

63. <u>Popular Mortgage Servicing Inc</u>; willfully and negligently obtain Plaintiff's credit report on or about September,2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

64. <u>Chase Bank</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

65. <u>NCO Financial System</u>; willfully and negligently obtain Plaintiff's credit report on July 16, 2007 and November 11, 2007 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

66. <u>1ˢᵗ Continental Mortgage</u>; willfully and negligently obtain Plaintiff's credit report on September 11, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

67. <u>Plaza & Associates</u>; willfully and negligently obtain Plaintiff's credit report on July 7, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

68. <u>Markoff & Krasky</u>; willfully and negligently obtain Plaintiff's credit report on March 23, 2007 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

69. <u>JP Morgan Chase</u>; willfully and negligently obtain Plaintiff's credit report on March 11, 2008 without Plaintiff's permission

as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

70.  American Express; willfully and negligently obtain Plaintiff's credit report on or about October, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F) and continue to report fraudulent, inaccurate and erroneous information about Plaintiff in violation of the Fair Credit Reporting Act.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that judgment be entered against Defendants for:

a.)  Actual damages in an amount to be shown at trial;

b.)  Statutory damages pursuant to FCRA 1681n;

c.)  Punitive damages pursuant to FCRA 1681n;

d.)  Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;

e.)  Costs and reasonable attorney's fees; and

f.)  Such other relief as may be just and proper.

Dated this October 6, 2009

CLARK CRIDDELL
PRO SE