CLARKE CRIDDELL
P.O. BOX 252
Posen, IL 60469
(773) 407-2243
clarkecriddell@hotmail.com

**FILED**
NOV 20 2009
NOV 20, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS-CHICAGO

CLARKE CRIDDELL, )
   )
        Plaintiff, ) Case No.: 09CV6235
   )
   vs. )
   )
Trans Union LLC, Experian )
Information Solutions Inc, Equifax )
Information Services LLC, Asset )
Acceptance LLC, Collection Systems ) **Fair Credit Reporting Act**
Inc, NCO Financial System Inc, ) **(FCRA)**
Torres Credit Services Inc, )
DSNB/Macy's, Illinois Student ) **AMENDED COMPLAINT(2)**
Assistance Commission, Popular )
Mortgage Servicing Inc, American )
Express, Chase/Bank One, Fifth )
Third Holdings LLC/Bank, 1st )
Continental Mortgage, Credit Plus, )
Plaza Associates, Markoff & Krasky )
LLC, Credit Bureau DEPA/Bank One, )
Lexis Nexus aka Reed Elsevier )
Group plc, Sallie Mae Servicing )
Corporation )
   )
        Defendant )

Upon information and belief, and in good faith, Plaintiff, Clark Criddell alleges as follows.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act ("FDCPA") Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs and/or any and all damages under the law or which the court deems proper and just.

## JURISDICTION

2. The jurisdiction of this court is conferred by 15 U.S.C., 1681(p) and 28 U.S.C. 1331. Venue lies in Cook County in the U.S. District Court, Northern District of Illinois-Chicago.

## PARTIES

3. Plaintiff Clarke Criddell (hereafter "I" or "Plaintiff") is a resident of Posen Illinois. Plaintiff is a "Consumer" as defined by FCRA 1681(a) of the FCRA.

4. Defendant Trans Union LLC (hereafter "Trans Union") is both a "person" as defined by FCRA 1681(a) and a "consumer reporting agency" as defined by FCRA 1681a(f). Trans Union is authorized to do business in the State of Illinois, with it principle place of business located at 555 West Adams, Chicago Illinois 60661.

5. Defendant Experian Information Solutions Inc (hereafter "Experian") is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a(f). Experian is authorized to do business in the State of Illinois, with its principle place of business located at 475 Anton Blvd. Costa Mesa, CA 92626

6. Defendant Equifax Information Services LLC (hereafter "Equifax") is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a (f). Equifax is authorized to do business in the State of Illinois, with its principle place of business located at 1550 Peachtree St. NW Atlanta, Georgia 30309.

7. Defendant Lexis Nexis aka Reed Elsevier Group plc is both a "person" as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a (f) and is authorized to do business in the State of Illinois, with its principle place of business located at 125 Park Avenue 23rd Floor, New York, NY 10017.

8. Defendant Asset Acceptance LLC is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9. Defendant Sallie Mae Servicing Corporation is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting

agencies about consumer transactions or experiences with any consumer.

10. Defendant <u>Collection Systems Inc</u> is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11. Defendant <u>NCO Financial Systems Inc</u> is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12. Defendant <u>Torres Credit Services Inc</u> is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

13. Defendant <u>Illinois Student Assistance Commission</u> is a "debt collector" as defined by FDCPA 1692a(6), a "person" as defined by FCRA 1681a(b), a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business

furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

14. Defendant <u>Popular Mortgage Servicing Inc</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

15. Defendant <u>American Express</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Defendant <u>Fifth Third Holdings LLC/Bank</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Defendant <u>Chase/Bank One</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. Defendant <u>Credit Bureau DEPA/Bank One</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Defendant <u>1st Continental Mortgage</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes

information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20. Defendant Credit Plus is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

21. Defendant Plaza Associates is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

22. Defendant Markoff & Krasky LLC, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

23. Defendant DSNB/MACY's is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## CAUSES OF ACTION

24. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.

25. Defendant Fifth Third Holdings LLC/Bank continues to add, store, maintain and disseminate erroneous, fraudulent, adverse, and inaccurate credit information, in consumer

reports it prepares and issues about Plaintiff as evident by Equifax report# 9760590825 and in violation of FCRA

26. Defendant Trans Union continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and its subscribers that such information is disputed by Plaintiff.

27. Defendant Trans Union continues to willfully, maliciously, and negligently violate FCRA 1681e (b).

28. AS a result of Defendant Trans Union's actions, Plaintiff has been damaged.

29. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

30. Defendant Trans Union continues its failure to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

31. Defendant Trans Union continues its failure to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

32. As a result of Defendant Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

33. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

34. Defendant Experian, continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is fraudulent, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers informing Defendant that such information is disputed by Plaintiff.

35. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

36. Defendant Experian continue its failure to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

37. Defendant Experian continues its failure to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

38. As a result of Defendant Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

39. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

40. Defendant Equifax continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is disputed by Plaintiff.

41. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

42. Equifax; failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

43. Equifax; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

44. As a result of Equifax's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

45. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

46. Defendant <u>Lexis Nexis aka Reed Elsevier Group plc,</u> continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is fraudulent, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers informing Defendant that such information is disputed by Plaintiff.

47. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

48. Defendant <u>Lexis Nexis aka Reed Elsevier Group plc</u> continues its failure to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

49. Defendant <u>Lexis Nexis aka Reed Elsevier Group plc</u> continues its failure to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

50. As a result of Defendant <u>Lexis Nexis aka Reed Elsevier Group plc</u> negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

51. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in and amount equal to the sum(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

52. Asset Acceptance LLC; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

53. Asset Acceptance LLC; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

54. Asset Acceptance LLC; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

55. Collection Systems Inc; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

56. Collection Systems Inc; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

57. Collection Systems Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

58. Torres Credit Services Inc; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

59. Torres Credit Services Inc; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

60. Torres Credit Services Inc; willfully and negligently obtain Plaintiff's credit report on or about October, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

61. Illinois Student Assistance Commission; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

62. Illinois Student Assistance Commission; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

63. Illinois Student Assistance Commission; willfully and negligently obtain Plaintiff's credit report on or about November, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

64. Sallie Mae Servicing Corporation; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

65. Sallie Mae Servicing Corporation; willfully and negligently "Re age" fraudulent accounts by updating date of last activity

on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

66. Sallie Mae Servicing Corporation; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

67. DSNB/Macy's; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

68. DSNB/Macy's; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

69. DSNB/Macy's; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a)(3)(F).

70. Popular Mortgage Servicing Inc; willfully and negligently obtain Plaintiff's credit report on or about September, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

71. Popular Mortgage Servicing Inc; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

72. Popular Mortgage Servicing Inc; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

73. NCO Financial System Inc; willfully and negligently obtain Plaintiff's credit report on July 16, 2007 and November 11,

2007 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

74. 1st Continental Mortgage willfully and negligently obtain Plaintiff's credit report on September 11, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

75. Credit Plus; willfully and negligently obtain Plaintiff's credit report on September 11, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

76. Plaza & Associates; willfully and negligently obtain Plaintiff's credit report on July 7, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

77. Markoff & Krasky LLC,; willfully and negligently obtain Plaintiff's credit report on March 23, 2007 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

78. Chase/Bank One; willfully and negligently obtain Plaintiff's credit report on March 11, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F).

79. American Express; willfully and negligently obtain Plaintiff's credit report on or about October, 2008 without Plaintiff's permission as evidenced by Trans Union report# 195880685 and in violation of FCRA 604 and sections 1681b (a)(3)(F) and continue to report fraudulent, inaccurate and erroneous information about Plaintiff in violation of the Fair Credit Reporting Act.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that judgment be entered against Defendants for:

a.) Actual damages in an amount to be shown at trial;

b.) Statutory damages pursuant to FCRA 1681n;

c.) Punitive damages pursuant to FCRA 1681n;

d.) Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;

e.) Costs and reasonable attorney's fees; and

f.) Such other relief as may be just and proper.

Dated this November 20, 2009

*[signature]*
CLARKE CRIDDELL
PRO SE