IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARKE CRIDDELL, )<br> )<br>Plaintiff, )<br>v. )<br> )<br> )<br> )<br>TRANSUNION LLC, et al., )<br> )<br>Defendants. ) | Case No. 09 C 6235<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clarke Criddell ("Criddell") filed this suit alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. His Second Amended Complaint, filed with leave of the Court on November 20, 2009, names as Defendants Trans Union LLC ("Trans Union"), Experian Information Solutions ("Experian"), Equifax Information Services LLC ("Equifax"), Lexis Nexis d/b/a Reed Elsevier Group PLC ("Lexis"), Asset Acceptance LLC ("Asset"), Sallie Mae Servicing Corporation ("Sallie Mae"), Collection Systems Inc. ("Collection Systems"), NCO Financial Systems, Inc. ("NCO"), Torres Credit Services Inc. ("Torres"), Illinois Student Assistance Commission ("ISAC"), Popular Mortgage Servicing Inc. ("Popular Mortgage"), American Express ("AmEx"), Fifth Third Holdings LLC ("Fifth Third"), Chase Bank ("Chase"), Credit Bureau DEPA/Bank One ("DEPA"), 1st Continental Mortgage/Credit Plus ("1st Continental"), Credit Plus, Plaza Associates ("Plaza"), Markoff & Krasky LLC ("Markoff"), and DSNB/Macy's ("Macy's").

Trans Union, Experian, Equifax, NCO, Fifth Third, Credit Plus, and Macy's have answered the Complaint and filed various affirmative defenses. LexisNexis was dismissed, with prejudice, by agreement of the parties on January 26, 2010. Chase was dismissed, with prejudice, by agreement on March 11, 2010. Criddell filed a notification on January 22, 2010 stating that ISAC "was included in the complaint in error." The Court construes this as a Motion to Voluntarily Dismiss Criddell's claims against ISAC without prejudice, and grants the Motion. ISAC's pending Motion to Dismiss is therefore dismissed as moot.

## **PENDING MOTIONS**

There remain four pending Motions filed by three Defendants. Asset filed a Motion for More Definite Statement and then a Motion to Strike the Second Amended Complaint, seeking a more definite statement in the form of a third amended complaint. Torres and American Express have filed Motions to Dismiss for failure to state a claim against them upon which relief may be granted. For the reasons set forth below, Asset's Motion for More Definite Statement is dismissed as moot, and its Motion to Strike is granted in part and denied in part. Torres's Motion to Dismiss is granted. American Express's Motion to Dismiss is granted.

**I. Asset Acceptance's Motion for a More Definite Statement**

In its Motion to Strike, Asset merely re-asserts the arguments raised in the Motion for More Definite Statement, stating that the Second Amended Complaint did not cure the deficiencies complained of in Criddell's First Amended Complaint. The Motion to Strike is therefore a mis-labeled second Motion for More Definite Statement. The Court therefore dismisses Asset's first Motion for More Definite Statement as moot, and will consider the arguments raised therein as if contained within the Motion to Strike the Second Amended Complaint.

Criddell alleges that Asset is a "debt collector," "reseller," and "furnisher" of information "who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer." (Second Am. Compl. ¶ 8.) He further alleges that Asset "willfully and negligently" failed to "validate his alleged debt and continued to report the debt to credit bureaus," "re-aged" certain accounts by updating the date of the last activity on the credit report in order to keep negative information on his credit report for a longer period of time, and obtained his credit report without his permission. (Second Am. Compl. ¶¶ 52-54.)

Asset argues that these allegations are so vague and ambiguous that they cannot reasonably prepare a response, citing Federal Rule of Civil Procedure 12(e). Asset has properly brought its Motion prior to filing a responsive pleading. Whether to grant a motion for a more definite statement falls within the discretion of the district court. *See Hummel v. Wells Petroleum Co.*, 111 F.2d 883, 886 (7th Cir.1940). Under Federal Rule of Civil Procedure 9(f), allegations of time or place are material to the sufficiency of a pleading. "[T]he reason for 'averments of time and place' is to make ascertainable whether a cause of action is barred by the statute of limitations, and that where so shown a complaint is properly dismissed on motion." *Kincheloe v. Farmer*, 214 F.2d 604, 605 (7th Cir.1954).

Here, Asset argues that it is unable to prepare a response because Criddell's allegations against it contain no time or place allegations that would allow Asset to consider whether a statute of limitations defense is appropriate or to otherwise evaluate the validity of Criddell's claims. Asset therefore asks that Criddell file a Third Amended Complaint specifying the debt or account that Asset allegedly improperly reported to the credit reporting agencies and the account that Asset is

alleged to have "re-aged," when the debt was reported and when Criddell became aware of the report, when he disputed the report and requested that the debt be validated, and when Asset unlawfully obtained his credit report. Although some of these requests go beyond allegations as to the time of disputed events, the requested information regarding the accounts or debts in issue is within Criddell's control, and it will not be unduly burdensome for him to supplement his Complaint with these details.

As to Asset's Motion to Strike the Second Amended Complaint, Asset relies upon Federal Rule of Civil Procedure 12(f) but provides no argument that the Second Amended Complaint contains any "insufficient defense" or "redundant, immaterial, impertinent, or scandalous matter" as provided by the Rule. Asset's Motion to Strike the Second Amended Complaint is therefore denied in part and granted in part. The Second Amended Complaint will not be stricken; however, Asset's request for a More Definite Statement is granted.

## II. Torres's and American Express's Motions to Dismiss

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual


allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* The Court construes the Complaints of *pro se* plaintiffs liberally. *See Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999).

**A. Torres Credit Services' Motion to Dismiss**

Torres moves to dismiss Criddell's Second Amended Complaint for failure to state a claim upon which relief may be granted. Specifically, Torres argues that Criddell has failed to state a claim because Torres is not a consumer reporting agency within the meaning of the FCRA, Torres was not required to validate Criddell's debt, and the FCRA expressly authorizes a debt collection agency to obtain a consumer report when collecting a debt. For the following reasons, Torres's Motion to Dismiss is granted.

Criddell's Second Amended Complaint alleges that, pursuant to the FCRA, Torres is a "debt collector," "reseller," and a "furnisher of information." Torres concedes that it is debt collector and a furnisher of information. However, Torres argues that Criddell has not alleged that it is a "consumer reporting agency," that it is not a "consumer reporting agency," and that therefore, Torres cannot be a "reseller" under the FCRA.

In pertinent part, the FCRA defines "consumer reporting agency" as an entity that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). Additionally, the FCRA defines a "reseller" as an entity that: "assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies . . . for purposes of furnishing such information to any third party. . . ." 15 U.S.C. § 1681a(u).

"Consumer reporting agency" refers to entities that are in the business of assembling and evaluating consumer credit information. *See, e.g., McCready v. eBay,* 03 C 2117, 2005 WL 6082528 (C.D.Ill. Feb. 4, 2005) (McCusky, J.) (citing *DiGianni v. Sterns,* 26 F.3d 346, 349 (2nd. Cir. 1994)). "This implies a function which involves more than receipt and retransmission of information identifying a particular debt." *DiGianni*, 26 F.3d 349. Therefore, a "consumer reporting agency" is an agency that is in the business of providing third parties with information. Here, Criddell's Second Amended Complaint fails to allege that Torres collected information in order to furnish the collected information to third parties, or that Torres was in the business of assembling and evaluating credit information. Therefore, Criddell's Second Amended Complaint fails to state a claim against Torres as a consumer reporting agency or a reseller of information.

Next, Criddell alleges that Torres failed to validate his debt. Torres argues that Criddell's Second Amended Complaint fails to indicate that Criddell submitted notice to Torres, and without such notification, Torres is not obligated to validate a debt. § 1692g provides that: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice . . . ." 15 U.S.C. § 1692g. Although it is not clear what form the initial communication from the debtor envisioned in § 1692g must take, it is clear that notification of some kind is required.[1] Nothing in Criddell's Second Amended Complaint indicates that he contacted Torres with respect to the debt that he wished Torres to validate. Therefore, under the FCRA, Torres had no obligation to validate the debt, and Criddell has failed to state a claim upon which relief may be granted.

---

[1] *Compare Jolly v. Shapiro*, 237 F.Supp. 2d 888, 895 (N.D.Ill. 2002) (written notice required) *with Campbell v. Hall*, 624 F.Supp. 2d 991, 1000-01 (N.D.Ind. 2009) (written notice not required).

Criddell also alleges that Torres "willfully and negligently" "re-aged" information in order to keep negative information on a credit report for a longer period of time, in violation of 15 USC § 1681c(c). Torres argues that Criddell has failed to state a claim as it is not a "consumer reporting agency" as established by the FCRA. § 1681c provides that: "Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information . . . ." 15 U.S.C. § 1681c.[2] Here, as previously explained, Torres is not a "consumer reporting agency" as defined by the FCRA. Therefore, Criddell's allegations against Torres in this respect cannot survive a motion to dismiss.

Finally, Criddell alleges that Torres violated 15 U.S.C. § 1681b in that it "willfully and negligently" obtained his credit report. As previously noted, Torres concedes that it is a "debt collector" as defined by the Act. A consumer's credit report may be obtained by a person who "intended to use the information in connection with a . . . review or collection of an account of" that consumer. 15 U.S.C. § 1681(a)(3)(A). Because Torres was acting as a debt collection agency, it had a legitimate reason to obtain Criddell's credit report, and he has failed to state a claim that Torres acted unlawfully under the FCRA. See Miller v. Wolpoff & Abramson, LLP, 309 Fed. App'x 40, 43 (7th Cir. 2009).

---

[2] 15 USC § 1692c(b) is not at issue in this case. 15 USC § 1692c(b) provides as follows:

[t]he provisions . . . are not applicable in the case of any consumer credit report to be used in connection with (1) a credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more; (2) the underwriting of life insurance involving, or which may reasonably be expected to involve, a face amount of $150,000 or more; or (3) the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000, or more." 15 USC § 1692c(b)

Torres's Motion to Dismiss is granted. Criddell's response to the Motion requested leave to amend his Complaint in order to cure the deficiencies identified by Torres. However, "where the plaintiff has repeatedly failed to remedy the same deficiency, the district court [does] not abuse its discretion by dismissing [a] claim with prejudice." *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.1997). Torres moved to dismiss Criddell's First Amended Complaint, and identified the same deficiencies in that Complaint as are raised in the present Motion. Criddell failed to address any of these issues or include any additional allegations against Torres in his Second Amended Complaint. Because Criddell may be able to state a claim against Torres with respect to the failure to validate his debt if he can truthfully allege that he provided Torres with notice that the debt was disputed, he may amend his Complaint to include such allegations. Torres's Motion to Dismiss the claim regarding validation of debt is therefore granted but without prejudice. Criddell's remaining claims against Torres, however, are dismissed with prejudice, because he has failed to allege in any of his three Complaints any facts supporting Torres's liability as a reseller of information or a credit reporting agency, and cannot plausibly make such allegations.

**B. American Express's Motion to Dismiss**

American Express moves to dismiss Criddell's Second Amended Complaint for failure to state a claim, or in the alternative, requests a more definite statement. Criddell states that American Express is a "furnisher' of information . . . to one or more consumer reporting agencies about consumer transactions or experiences with any consumer" and alleges that American Express "willfully and negligently" obtained his credit report without his permission and "continue[s] to report fraudulent, inaccurate and erroneous information about" him.

With respect to Criddell's claim that American Express obtained his credit report without his permission, American Express argues that a furnisher of credit information is entitled to obtain a report without permission if any one of a number of statutory provisions is satisfied. *See* 15 U.S.C. § 1681b(a)(3)(F). Without any additional detail, Criddell has not adequately alleged that American Express obtained his report for an improper purpose and should be liable under the FCRA. Therefore, Criddell's claims against American Express for unlawfully obtaining his credit report are dismissed without prejudice.

Cridell's allegation that American Express continues to report erroneous information about him to the credit reporting agencies is apparently brought pursuant to § 1681s-2(a) of the FCRA, which provides that furnishers of information may not report information that they know, or have reasonable cause to believe, is inaccurate. However, a consumer may not bring an individual claim for a violation of § 1681s-2(a), as there is no private right of action to enforce compliance with the section. *See* 15 U.S.C. § 1681s-2(c); *Perry v. First Nat. Bank*, 459 F.3d 816, 822 (7th Cir.2006); *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill.2005) ("It is undisputed that there is no private right of action under § 1681s-2(a)."). Thus, Criddell has not only failed to state a claim against American Express for furnishing inaccurate information about his credit report by providing no factual detail or contextual information, he may not state such a claim because there is no private right of action. His allegations against American Express in its role as a furnisher of credit information are therefore dismissed with prejudice.

## DEFENDANTS NOT OTHERWISE ADDRESSED IN THIS ORDER

### I. Unserved Defendants

Four Defendants have not been properly served. Summons were issued as to Collection Systems, 1st Continental Mortgage, and Plaza Associates on October 8, 2009, but were not returned executed. On November 20, 2009 a second summons was issued as to Defendant Sallie Mae, which has been dropped in the Amended Complaint but was re-added as a Defendant in the Second Amended Complaint; that summons was not returned executed. Pursuant to Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days after the filing of the Complaint. The Second Amended Complaint was filed on November 20, 2009 and more than 150 days have now elapsed without service. Collection Systems, 1st Continental Mortgage, Plaza Associates, and Sallie Mae are therefore dismissed without prejudice.

### II. Defaulted Defendants

Three Defendants have not answered or otherwise pled even though service has been effected. Summons were issued as to Popular Mortgage, DEPA, and Markoff on October 8, 2009, and were returned executed on October 13, 2009. These parties have accordingly defaulted pursuant to Federal Rule of Civil Procedure 55(a).

## CONCLUSION AND ORDER

Criddell's Motion to Voluntarily Dismiss Criddell's claims against ISAC without prejudice is granted; ISAC's pending Motion to Dismiss [132] is dismissed as moot. Torres's and American Express's Motions to Dismiss [104], [126] are granted, and Criddell's claims against Torres and American Express are dismissed. Asset Acceptance's Motion for a More Definite Statement [50]

is dismissed as moot; Asset's Motion to Strike the Second Amended Complaint [113] is denied in part and granted in part. The Second Amended Complaint will not be stricken; however, Asset's request for a More Definite Statement is granted. Criddell is to file a Third Amended Complaint within 14 days from the date of this Order providing Asset with specifics as to the debts and accounts involved in his allegations and the time frames in which the actions involved in this suit occurred. The Third Amended Complaint may not re-assert those claims against Torres and American Express which the Court has dismissed with prejudice.

Collection Systems, 1st Continental Mortgage, Plaza Associates, and Sallie Mae are dismissed without prejudice for lack of service. Popular Mortgage, DEPA, and Markoff have defaulted by failing to answer or otherwise plead to the Complaint within the time allotted following adequate service.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 27, 2010